## WEST TEXAS UTILITIES CO. v. KLEM-STEIN. (No. 7958.)

Court of Civil Appeals of Texas. San Antonio.
March 7, 1928.

1. Action ⟜48(2)—Joining in one action against owner of power line claims for unlawful entry, loss of cow from shock, cutting right of way to unnecessary width, loss of cattle through leaving fence open, and loss of time in hunting cattle held proper.

In landowner's action agaist owner of power line constructed over his land, joining claims for unlawful entry to make preliminary survey, for cutting right of way to unnecessary width, for leaving opening in fence causing loss of cattle, and loss of time in hunting such cattle and for killing cow by shock was proper.

2. Appeal and error ⟜193(5)—Objection to sufficiency of petition for failure to allege damage, not urged at trial, may not be considered on appeal.

In landowner's action against owner of power line built over his land, objection that petition was insufficient for failure specifically to allege damage from loss of cattle occasioned by defendant's cutting and leaving opening in plaintiff's fence was natural and proximate consequence of such act, not presented to or acted on by trial court, may not be urged on appeal.

3. Appeal and error ⟜500(2)—Proper practice is to show rulings on sufficiency of pleading by order overruling or. sustaining exceptions.

Proper and usual practice is to show rulings as to sufficiency of petition by formal order overruling or sustaining exceptions and not by bill of exceptions.

4. Electricity ⟜9(1)—Evidence that cattle were lost by going through gap left in fence by owner of power line held to present jury question.

In landowner's action against owner of power line built over his premises, evidence that plaintiff's cattle were lost by going through hole left in fence by defendant held to present jury question.

5. New trial ⟜68—Jury's finding, that cattle were lost by escaping through gap in fence left by defendant held binding on trial court.

In landowner's action against owner of power line built over premises, jury's finding that plaintiff's cattle were lost by escaping through gap in fence left open by defendant, based on evidence presenting jury question, held binding on trial court.

6. Appeal and error ⟜1001(1)—Jury's finding based on evidence that cattle escaped through gap in fence left by defendant held binding.

In landowner's action against owner of power line built over land, jury's finding that plaintiff's cattle were lost by straying through gap in fence left by defendant, based on evidence presenting jury question, held binding on appeal.

Appeal from Kendall County Court; J. A. Phillip, Judge.

Action by Charles Klemstein against the West Texas Utilities Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Walter Petsch and Alfred Petsch, both of Fredericksburg, for appellant.
S. Engelking, of San Antonio, for appellee.

SMITH, J. Appellant constructed a high power line through appellee's pasture in Kendall county, and because of alleged unlawful and negligent acts of appellant appellee claimed that he was damaged in several particulars. It was alleged that appellant made a preliminary survey through the pasture without authority from appellee, to the latter's actual damage in the sum of $250, to which he sought to add $150 exemplary damages; that after obtaining from appellee an easement through the pasture appellant cut its right of way thereover to an unnecessary and unwarranted width, to appellee's damage in the sum of $250; that appellant's agents made an opening in the pasture fence, whereby three heifers belonging to appellee escaped and were never recovered, to appellee's damage in the sum of $180; that in the loss of time consumed in hunting for said lost heifers appellee was damaged in the further sum of $80; that one of appellee's cows was killed by contact with one of appellant's wires, to appellee's damage in the sum of $75. Appellee brought this suit against appellant, embracing all of said items of damages in the suit. Appellee abandoned his claims for unlawful entry and for the loss of a cow by death from shock, which issues were not submitted to the jury; but the jury found against appellee upon his claim that appellant cut its right of way to an excessive width, and in his favor upon his claim for the loss of three heifers and for loss of time in hunting them, awarding him damages in the sums of $135 and $30, respectively, therefor.

[1] Appellant submits his appeal upon three propositions of law. It is first contended that the several causes of action embraced in the suit were improperly joined, because each arose in a separate transaction and was distinct in its nature. We overrule this proposition. Each cause of action asserted was between the same parties, arose out of the same general transaction, and all were properly joined, thus avoiding a multiplicity of suits.

In its third proposition appellant complains of the action of the court in overruling a special exception, in which it was contended that the petition of the plaintiff was insufficient because it did not specfically allege that the damage occasioned by appellant cutting and leaving an opening in appellee's fence was

the "natural and proximate consequence" of that act.

[2, 3] While we are of the opinion that the exception was not well taken, we are not authorized to decide the question, since it does not appear from the record that the exception was presented to or acted upon by the court below. Appellee contends that this ruling should have been shown by bill of exceptions, but such is not the usual practice, although that would perhaps have served the purpose. The proper and usual practice is to show such rulings by formal order overruling or sustaining the exceptions.

[4-6] It is urged in appellant's third and last proposition that there was no evidence that appellee's heifers escaped or were lost as the proximate result of any negligence of appellant. In its argument appellant concedes that the fact was established that "at the time of the construction of the power line through (appellee's) premises under the company's easement, when it made two openings in his fences and left the same unguarded, was that his horses went through one of the openings and that three of his heifers disappeared, and that the heifers could not have gone through the other gap." We think these facts raised an issue to be determined by the jury in connection with all the other facts and circumstances in the case, and the jury's finding thereon is binding upon this court, as it was upon the court below.

Appellee suggests that the appeal is being prosecuted by appellant for delay only, and asks for affirmance, with 10 per cent. damages for the suggested delay. This will be denied, but the judgment must be affirmed, nevertheless.

Affirmed.